```
                     United States District Court
                       District of Massachusetts
_____
                                )
Eric Hansen,                    )
        Plaintiff,              )
                                )
        v.                      )    Civil Action No.
                                )    12-10477-NMG
Rhode Island's Only 24 Hour     )
Truck & Auto Plaza, Inc., Best  )
New England, Thomas A. Gotauco, )
Lantic Energy, LLC and Hemenway )
& Barnes, LLP,                  )
        Defendants.             )
_____ )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

On March 14, 2012, plaintiff Eric Hansen moved to file under seal a complaint against defendants Rhode Island's Only 24 Hour Truck & Auto Plaza, Inc., Best New England, Thomas A. Gotauco, Lantic Energy, LLC and Hemenway & Barnes, LLP.  The complaint arises out of an alleged breach of a purchase and sale agreement and includes claims for breach of contract, breach of good faith and fair dealing, fraud, negligent misrepresentation and violation of the Massachusetts Consumer Protection Act, M.G.L. c. 93A.

Plaintiff moves to file the complaint under seal but has, in fact, submitted a redacted complaint as well, so the Court will treat the motion as seeking to do both.  Plaintiff claims that the redactions are necessary because he is bound by a non-

disclosure agreement which prohibits him from disclosing any information about the subject negotiations to purchase. Because the terms of the non-disclosure agreement purportedly "may" expose him to liability simply for filing his complaint, he seeks to file it under seal.

There is a well-established presumption that the public has a right of access to judicial documents such as civil complaints. Siedle v. Putnam Inv., Inc., 147 F.3d 7, 9-10 (1st Cir. 1998). When a party requests to seal a complaint, a court, using its discretion, "must carefully balance the competing interests that are at stake in the particular case." Id. at 10.

The Court is unable to balance those interests on the current record. Plaintiff has quoted a three-line excerpt of the purported confidentiality agreement but has not otherwise provided the agreement to the Court or explained why its provisions would apply to the filing of a pleading in court.

In any event, plaintiff's proposed redactions appear overly broad. While it may be appropriate to avoid specific reference to the subject property or particular quoted passages in the contract, it is inappropriate to redact general facts and allegations or the names of individuals involved in the dispute. For instance, plaintiff's substantial redaction of paragraphs 38-44 and paragraph 49 appears to be unnecessary and to render the complaint incomplete and therefore objectionable.

Thus, plaintiff's motion to seal his complaint will be denied without prejudice. If the plaintiff wishes to pursue his claim, he will file an amended complaint in compliance with this Order on or before May 25, 2012 which may include a motion to seal limited portions of the complaint or an attachment thereto for good cause shown. Plaintiff original complaint and other related pleadings may be retrieved from the Clerk's Office within the same time frame. The other pending motions (Docket Nos. 11, 16 and 19) will be held in abeyance until a suitable complaint is filed.

### ORDER

In accordance with the foregoing, plaintiff's motion to seal (Docket No. 2) is denied without prejudice. Plaintiff may file an amended complaint on or before May 25, 2012.

**So ordered.**

                          /s/ Nathaniel M. Gorton
                          Nathaniel M. Gorton
                          United States District Judge

Dated May 14, 2012