```
                     United States District Court
                       District of Massachusetts
```

```
_____
                               )
ERIC HANSEN,                   )
         Plaintiff,            )
                               )
         v.                    )    Civil Case No.
                               )    12-10477-NMG
RHODE ISLAND'S ONLY 24 HOUR    )
TRUCK & AUTO PLAZA, INC., BEST )
NEW ENGLAND, INC., THOMAS A.   )
GOTAUCO, LANTIC ENERGY, LLC    )
         Defendants.           )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This action arises out of an alleged breach of a purchase and sale agreement ("P&S") with respect to a truck stop. Plaintiff Eric Hansen ("Hansen"), the putative buyer, brings suit against Rhode Island's Only 24 Hour Truck & Auto Plaza, Inc., Best New England, Inc., Thomas A. Gotauco and Lantic Energy, LLC a/k/a Lantic Green Energy (collectively, "defendants"), the putative sellers.

I.   **Background**

The facts in this case are more fully described in the Court's memorandum and order denying judgment on the pleadings (Docket No. 55). In summary, the P&S, which included a financing contingency, required plaintiff to make a $250,000 refundable

deposit to be held in escrow by seller's former attorneys Hemenway & Barnes, LLP. After plaintiff was unable to obtain financing he terminated the P&S but defendants refused to reimburse his deposit on the grounds that plaintiff terminated the P&S in bad faith. After the Court allowed a motion of the escrow agent, the escrowed funds at issue were deposited with the Clerk of Court.

Currently before the Court are plaintiff's motions to enforce the settlement agreement entered into between the parties and for disbursement of funds in accordance with the terms of that agreement.

## II. Procedural History

Plaintiff filed his Complaint in March, 2012 seeking a declaratory judgment that he is entitled to reimbursement of the $250,000 earnest-money deposit (Count I) and claiming breach of contract (Count II), breach of the covenant of good faith and fair dealing (Count III), fraud (Count IV), negligent misrepresentation (Count V) and violation of the Massachusetts Consumer Protection Act, M.G.L. c. 93A (Count VI). Defendants have denied all allegations and asserted a counterclaim for violation of the covenant of good faith and fair dealing. Defendant contends that plaintiff exploited his discretionary rights under the P&S as a pretext to terminate.

After the escrowed funds were deposited into Court, it

denied plaintiff's motion for judgment on the pleadings (Docket No. 55).  On October 31, 2012, presumably unbeknownst to plaintiff and in response to a petition for an involuntary receivership, the Rhode Island Superior Court appointed Mark Russo ("Receiver") as temporary Receiver for defendant Rhode Island's Only 24 Hour Truck & Auto Plaza, Inc. The following day plaintiff filed an "assented to" motion for disbursement of funds held in escrow by the Court (Docket No. 57) after reporting that the case had been settled.  This Court declined to allow the motion without a stipulation of dismissal and the signatures of both parties.  On November 16, 2012, Russo was appointed as Permanent Receiver.

On January 7, 2013, plaintiff filed the pending motion to enforce the purported settlement agreement.  Shortly thereafter, the Receiver filed his "objection" to plaintiff's motion (Docket No. 62) indicating that the Rhode Island Court had entered a Receivership Order staying all actions against the receivership estate.  The Receiver requested that this Court defer its decision on the motion to enforce the settlement agreement for 30 days to allow him to petition the Rhode Island Court for instructions on how to proceed.

On April 4, 2013, plaintiff filed an emergency motion to enjoin the Rhode Island state court (Docket No. 70) and a motion requesting disbursement of the funds held in escrow (Docket No.

74). After hearing argument on the motions at a status conference on April 10, 2013, this Court declined to enjoin the Rhode Island Court and took the remaining matters under advisement. The parties have since notified this Court that the Rhode Island Superior Court in which the receivership is pending has granted Receiver's motion to reject the settlement agreement.

### III. Motions to Enforce Settlement Agreement and to Disburse Funds

Plaintiff requests that the Court enforce the settlement agreement on the grounds that a valid contract was entered into between the parties. He also requests that the Court release the funds it is holding in escrow in accordance with the terms of the settlement agreement.

#### A. Background

The parties entered settlement discussions via email in October, 2012. On October 24, plaintiff's counsel sent an email to defendants' counsel which stated in part:

> After considerable deliberation, I am writing to state that Eric Hansen will accept Defendants' settlement offer that the escrow funds (being held by the Court) will be split as follows: $235,000 to Plaintiff and $15,000 to Defendants. There will be no other settlement payment between the parties. I also understand that the settlement will include mutual releases from all parties and a dismissal of the pending action with prejudice and without costs. To move this along, I will send you a draft settlement agreement (and other settlement documentation) tomorrow.

The following day, defendants' counsel responded "Glad we were able to get it done. Thanks." On October 26, 2012,

defendants' counsel emailed drafts of a motion to distribute the funds and the settlement agreement to plaintiff's counsel. On October 29, 2012, plaintiff's counsel responded with proposed changes. On October 31, 2012, at 12:20 pm, defendants' counsel emailed back "Okay with removal of no disparagement provision. Lets finalize." Plaintiff's counsel responded at 12:29 pm and attached a "final version of the settlement agreement for your clients' signatures." At approximately 4:00 pm that day defendant Rhode Island's Only was placed into involuntary receivership by a Rhode Island Superior Court judge.

In November and December of 2012 plaintiff's counsel attempted to confer with Receiver regarding the settlement agreement. Unable to resolve the matter, in January, 2013, plaintiff filed the pending motion to enforce the settlement agreement.

### B. Choice of Law

Plaintiff argues that Massachusetts law governs the question of whether a binding contract was formed. Defendant responds that Rhode Island law should control. Rhode Island requires a settlement agreement to be in writing or to be presented on the record to the Court. Melucci v. Berthod, 687 A.2d 878, 879 (R.I. 1997). In Massachusetts an enforceable settlement agreement arises when all of the parties to be bound mutually assent to all material terms, even if those terms are not memorialized in a

final writing. Basis Tech. Corp. v. Amazon.com, Inc., 71 Mass.App.Ct. 29, 40 (2008). Having identified a conflict between Rhode Island and Massachusetts law, this Court is obliged to consider which law applies. See Levin v. Dalva Bros., Inc., 459 F.3d 68, 73 (1st Cir. 2006) (citation omitted) (noting initial step in choice-of-law analysis is identification of an actual conflict).

A federal court sitting in diversity applies the choice-of-law framework of the forum state. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941)). Massachusetts applies a "functional" approach which closely resembles the determination laid out in the Restatement (Second) of Conflict of Laws as to which state has the most "significant relationship" to the case. Bushkin Associates, Inc. v. Raytheon Co., 393 Mass. 622, 632 (1985).

The geographical considerations to be taken into account in applying the principles of the Restatement to determine the law applicable to an issue include:

> (a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the location of the subject matter of the contract, and (e) the domicil, residence, nationality, place of incorporation and place of business of the parties.
>
> Restatement (Second) Conflict of Laws § 188(2).

> The legal factors for the Court to consider include:
>
> (a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (d) the protection of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainty, predictability and uniformity of result, and (g) ease in the determination and application of the law to be applied.

Id. at § 6 (2).

Applying those factors, the Court finds that Massachusetts law controls. The subject matter of the purported settlement agreement is the resolution of a lawsuit pending in Massachusetts and the disbursement of funds held in escrow in Massachusetts. As a result, Massachusetts has a strong interest in whether or not a valid contract was formed, particularly given that performance of that agreement, namely the disbursement of funds and dismissal of the lawsuit, is to occur in Massachusetts.

Applying Massachusetts law also protects the justified expectations of the parties who reasonably should have presumed that Massachusetts law would control given that they were negotiating the resolution of a Massachusetts law suit and the disbursement of funds held in Massachusetts. Furthermore, both the P&S and the purported settlement agreement contained Massachusetts choice of law provisions, indicating that the parties themselves agreed upon the application of Massachusetts law.

### C. Settlement Agreement

Policy favors the enforcement of settlement agreements so as to hold people to the contracts they make and to avoid costly and time-consuming litigation. T & T Mfg. Co. v. A.T. Cross Co., 587 F.2d 533, 538 (1st Cir.1978). As discussed above, in Massachusetts an enforceable settlement agreement arises when the parties to be bound mutually assent to all material terms, even if those terms are not memorialized in a final writing. Basis Tech., 71 Mass.App.Ct. at 40. See also Flebotte v. Dow Jones & Co., Inc., 97-30117-FHF, 2001 WL 35988082, at *3 (D. Mass. June 28, 2001); Rosenfield v. U.S. Trust Co., 290 Mass. 210, 216 (1935). A settlement agreement is not enforceable, however, if "material facts are in dispute as to the validity or terms of the agreement". Bandera v. City of Quincy, 344 F.3d 47, 52 (Mass.2003).

In this case it is manifest from the email exchange that the parties entered into a valid settlement agreement. The parties had agreed on all the material terms, including the distribution of $235,000 to plaintiff and $15,000 to defendants, "mutual releases from all parties" and "dismissal of the pending action with prejudice and without costs." Both parties clearly expressed mutual assent to the terms when plaintiff's counsel wrote that "Eric Hansen will accept Defendants' settlement offer" and defendants' counsel responded "Glad we were able to get it

done."

Although the parties continued to attempt to formalize the agreement through a signed settlement document, "the parties were proceeding to 'memorialize'...the settlement terms, not to create them." Basis Tech., 71 Mass.App.Ct. at 40. (finding that a "present agreement upon all material terms" reached via email "reduce[d] the later document to a mere memorialization of an existent agreement"). Consequently, the Court finds that the parties entered into a binding settlement agreement. The motion to disburse funds will be allowed in accordance with the terms of that agreement.

## ORDER

In accordance with the foregoing,

1) Plaintiff's Motion to Enforce Settlement (Docket No. 58) is **ALLOWED,**

2) Plaintiff's Motion to Disburse Funds Held in Escrow by the Court (Docket No. 74) is **ALLOWED,** and

3) the case is **DISMISSED.**

**So ordered.**

                                    /s/ Nathaniel M. Gorton
                                    Nathaniel M. Gorton
                                    United States District Judge

Dated June 7, 2013